(5 Misc. Rep. 424.)

### McKELVEY v. TWENTY-THIRD ST. RY. CO.

(Superior Court of New York City, Jury Term.  October, 1893.)

CONTRIBUTORY NEGLIGENCE—EVIDENCE.

> In an action for personal injuries it appeared that while defendant was unloading a wagon along defendant's street railroad he was struck by a car.  Plaintiff testified that he thought the car had plenty of room to pass, and that he was out of danger.  The car driver testified to the same effect.  *Held* that, both plaintiff and the car driver having made the same miscalculation as to the distance from the car track, plaintiff was equally negligent with the car driver, and therefore could not recover.

Action by John McKelvey against the Twenty-Third Street Railway Company.  The complaint was dismissed at the trial, and plaintiff moves for a new trial on the minutes.  Denied.

Hugo H. Ritterband, for the motion.

Robinson, Bright, Biddle & Ward, opposed.

McADAM, J.  The plaintiff, on September 9, 1891, was engaged in shoveling coal from a large wagon, which stood parallel to the tracks of the defendant's road, in front of the Young Men's Christian Association building, in Twenty-Third street, near Fourth avenue, in this city.  The head of the wagon was faced to the east, and the plaintiff was working at the rear end of it.  The wagon stood about 18 inches from the track, so that there was plenty of room for the cars to pass, and, consequently, room enough for the plaintiff to work without interfering with the passage of the cars upon the tracks.  Car No. 18 of the defendant's line came along towards the east, and the plaintiff was in some manner struck by it, and sustained the injuries of which he complains.

The plaintiff testified that he thought the car had plenty of room to pass, and that he was out of danger.  The driver testified to the same effect.  So that, if the plaintiff was struck by the front of the car, both plaintiff and the driver made the same miscalculation of distance, and each is in the same manner at fault.  In such a case it must seem plain that if the driver was guilty of negligence the plaintiff is likewise guilty, and for this mutual or concurring negligence the defendant is not liable.  Moak's Underh. Torts, 280.  The plaintiff puts his right to recover upon the broad ground that if the driver could have avoided the accident a cause of action was made out, and this notwithstanding the fact that the plaintiff may have placed himself in a position of danger.  If the driver had become aware of the plaintiff's peril, and omitted reasonable precautions to avoid doing him damage, and the plain-

tiff was unconscious of the approach of the car, there might have been some force in the contention. There is no evidence that the driver wantonly ran the plaintiff down, or that he intended to injure him, or had any reason to suspect that the plaintiff was in the slightest peril or danger. If the plaintiff was authorized in assuming that his position on the side of the car track was safe, the car driver might well indulge the same presumption without being charged with negligence. The plaintiff had the right to work upon the highway, provided he exercised the care and caution commensurate with the dangers around him. It was particularly his duty to avoid known dangers. He knew that the defendant's cars were constantly passing; that they had to run on the tracks, and could not leave them; that they had the paramount (though not exclusive) right of way; that they could not get out of his path; and that he must keep out of their road, and was bound to recognize the conditions by which he was confronted, and govern himself accordingly. The plaintiff relies upon Anselment v. Daniell, 4 Misc. Rep. 144, 23 N. Y. Supp. 875, as an authority sustaining his right to recover. That case holds that it is negligence to drive a wagon along a railroad track, at a fast trot, when there are workmen engaged in paving the street, one of whom, on turning around, is struck by the butt of the wagon. While no one can dispute the proposition decided, it is difficult to find any application of it to this case. The car had rights upon the track which the milk wagon had not, and the paver injured was specially licensed to work on any part of the street, and the ordinary rules as to contributory negligence do not, for obvious reasons, apply to such persons. The cars of street railways have a preference in the streets, and, while they must be managed with care, so as not to negligently injure persons in the streets, pedestrians and others must use reasonable caution to keep out of their way. Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967. The reasonable care required is the exercise of vigilance proportioned to the dangers encountered. See Barker v. Savage, 45 N. Y. 194. Negligence is the absence of care according to the circumstances. If a party injured on the highway has drawn the injury upon himself by his own neglect, he is not entitled to an action, though he be lawfully in the highway. Rathbun v. Payne, 19 Wend. 399, cited with approval in Barker v. Savage, 45 N. Y. 193. Although the defendant does not exercise ordinary care, no recovery can be had if the injury would not have happened but for want of care on the part of the plaintiff. Washburn v. Tracy, 15 Amer. Dec. 661. It is elementary that no man by his wrongful act can impose a duty on another, (Broom, Leg. Max. [10th Ed.] 270,) and the injury in this case was evidently caused by the neglect of the plaintiff, or, by what is equally fatal to his right to recover, the combined negligence of the plaintiff and the driver mutually co-operating in producing the result. Where the facts are as consistent with due care as with the want of it, no recovery can be had. Claflin v. Meyer, 75 N. Y. 260; Baulec v. Railroad Co., 59 N. Y. 356; French v. Railroad Co., 2 Abb. Dec. 196; and cases collated in Shear. & R. Neg. (4th Ed.) § 56, note. A mere surmise that

there may have been negligence is not sufficient. Casey v. Railroad Co., 25 N. Y. Wkly. Dig. 568. In Spaulding v. Jarvis, 32 Hun, 621, it appeared that the defendant ran horse cars upon tracks laid in Chenango street, Binghamton; that the plaintiff, while driving a wagon with horses along said street, was called by a friend on the opposite side of the street; that he drove across the track and stopped, as he believed, entirely out of the way of the street cars, his horses' feet being in the gutter. The side fender of a passing car struck and injured his wagon. Held, that the plaintiff was guilty of contributory negligence, and could not recover. See, also, Brown v. Railroad Co., 50 N. Y. Super. Ct. 106. It will not do to hold that the plaintiff was under no obligation to protect himself from danger, and that he could deliberately take nice calculations or risks, and cast the entire responsibility or duty of looking out for his safety upon the defendant. To put the controlling proposition in form as favorable to the plaintiff as the law justifies, it may be said that each was bound to exercise ordinary care to avoid injury. It is not enough to send a case to a jury to show that by some possibility the injury may have been caused by the negligence of the defendant. It must be shown that the defendant committed some negligent act or omitted some duty, and that such act or omission caused the injury, (McConnell v. McCullough, 47 Hun, 405,) and that the plaintiff was free from fault. The exercise of proper caution on the part of the plaintiff must be shown, or it is the duty of the court to nonsuit. Bowen v. City of Rome, 23 N. Y. Wkly. Dig. 406. The case admitted of but one disposition, and that the result reached, for a nonsuit is proper where the verdict of the jury, if for the plaintiff, would have to be set aside. Cagger v. Lansing, 64 N. Y. 417; Filer v. Railroad Co., 49 N. Y. 47; Dwight v. Insurance Co., 103 N. Y. 359, 8 N. E. 654; Bulger v. Rosa, 119 N. Y. 459, 24 N. E. 853; Baylies, Trial Pr. 218, 219; Bagley v. Rolling Mill, 21 Fed. 159; Sullivan v. Mining Co., Id. 892; Godin v. Bank, 6 Duer, 76; Pleasants v. Fant, 22 Wall. 116, and kindred cases. It follows that the complaint was properly dismissed, and the motion for a new trial must be denied.