ANNIE REILLY, as Administratrix, etc., of PATRICK REILLY, Deceased, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

*Negligence — collision between a street car and a wagon at a street crossing — duty to have the car under control — assumption that the street could be safely crossed — charge of the court — a $15,000 verdict sustained.*

Where two streets enter a third street, upon which an electric street railway is operated, from different directions so nearly opposite as to form practically a continuation of each other, the rights of the railway company and of a person driving a coach over the railroad tracks from one of the first-mentioned streets into the other, are equal.

In an action to recover damages resulting from the death of the driver of the coach in consequence of a collision between it and one of the street cars, the court may properly charge that " in the absence of express notice to the contrary by the circumstances, the deceased was entitled to presume that the car would be moved up to the street intersecting under a reasonable state of control, so that it might be readily stopped in case of emergency to give him an opportunity to get over in safety."

The court may properly refuse to charge that " if the plaintiff's intestate had a right to assume that he could cross the street in safety, the motorman might well indulge in the same presumption without being charged with negligence," where there is no testimony to the effect that the motorman indulged in any presumption or that his action was influenced by any assumption whatever.

The error, if any, involved in the fact that when the court was about to charge a proposition, agreed to by both parties, he said, "I will charge it, although I don't think it is sound," is cured by an explicit withdrawal of the obnoxious remark and an express direction that the jury should follow the proposition of law as charged.

A verdict of $15,000 rendered in favor of the plaintiff will not be set aside as excessive where it appears that at the time of his death the intestate was thirty-six years of age, healthy and vigorous and had a wife and seven children.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 24th day of January, 1901, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 9th day of February, 1901, denying the defendant's motion for a new trial made upon the minutes.

*I. R. Oeland* [*G. V. S. Williams* with him on the brief], for the appellant.

*James C. Cropsey* [*B. F. Morris* with him on the brief], for the respondent.

WILLARD BARTLETT, J. :

This action arose out of a collision between one of the defendant's electric cars and a coach driven by the plaintiff's intestate, who was thrown from his seat and instantly killed. The collision occurred on Fulton street in Brooklyn, near the intersection of Clermont avenue. Gates avenue enters Fulton street immediately east of Clermont avenue, at an angle of about forty-five degrees. The coach had come out of Clermont avenue and was moving up and across Fulton street north and east towards Gates avenue when it was struck and demolished by the defendant's west-bound car which was propelled so rapidly that it ran 250 feet after the collision before stopping.

The verdict in favor of the plaintiff is sufficiently supported by the evidence, and we are not convinced that the award of $15,000 damages represents more than the healthy and vigorous life of this coachman (a man but thirty-six years old) was worth to his wife and seven children. (See *Schmitt* v. *Met. Life Ins. Co.*, 13 App. Div. 120.) A few of the exceptions, however, present questions which ought not to be passed upon without acquainting counsel with our views in respect to them.

The court charged the jury that " in the absence of express notice to the contrary by the circumstances, the deceased was entitled to presume that the car would be moved up to the street intersecting under a reasonable state of control so that it might be readily stopped in case of emergency to give him an opportunity to get over in safety." The appellant insists that this instruction was erroneous because tantamount to saying that the motorman was bound to have his car under such control that it could readily be stopped in case of an emergency which the plaintiff's intestate had himself created. Such does not seem to us to be the fair import of what was said by the learned trial judge. The plain meaning was that the driver of the coach, unless advised to the contrary by the situation, might properly assume that the motorman of a car

approaching an intersecting street would exercise reasonable care to have his car under such a state of control as to be prepared for emergencies; and this does not seem too strong a statement of the measure of prudence required by the law. (*Buhrens* v. *Dry Dock, etc., R. R. Co.*, 53 Hun, 571; affd., 125 N. Y. 702.)

In another part of the charge the jury were instructed that there was no paramount right of way for either the railroad company or the driver of the carriage, but that their rights were exactly equal. There was no error in this, in view of the character of Gates avenue as a practical continuation of Clermont avenue. "At intersecting streets or a practical continuation of a bisecting street, the rights of the car and of the crossing vehicle are equal." (*Hewlett* v. *Brooklyn Heights R. R. Co.*, 63 App. Div. 423.)

When about to give an instruction requested by counsel for the defendant and assented to by counsel for the plaintiff, the learned judge said to both: "I will charge it, although I don't think it is sound." Whatever harm might otherwise have been caused by this statement was averted by its subsequent explicit withdrawal and the express direction to the jury that they must follow the proposition of law as charged. The prompt and clear correction of the error renders the exception unavailing.

Finally, exception was taken by the defendant to the court's refusal to charge that "if the plaintiff's intestate had a right to assume that he could cross the street in safety, the motorman might well indulge in the same presumption without being charged with negligence."

We can discover no evidence in the case upon which to base the instruction thus requested. There is no testimony or suggestion to the effect that the motorman indulged in any presumption or that his action was influenced by any assumption whatever. His statement is that upon seeing the coach he tried to "brake the car up" as quickly as he could; "it was done in an instant," he says. The proposition which lies at the basis of the request, to the effect that where one of two parties has assumed that a given condition of things is safe the other party may act upon the same assumption without being chargeable with negligence, can hardly have any application to a case where there is no proof as to what either party supposed to be the fact. In the cases cited by the appellant it appeared that both parties to the accident believed there was no danger; so that the

error was mutual and gave rise to no liability. (*McKelvey* v. *Twenty-third St. Ry. Co.*, 5 Misc.' Rep. 424; *Spaulding* v. *Jarvis*, 32 Hun, 621.)

The judgment should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment and order unanimously affirmed, with costs, GOODRICH, P. J., however, being in favor of reducing the amount of recovery.