### REILLY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. NEGLIGENCE—DEATH—DAMAGES.
    Fifteen thousand dollars is not excessive damages for negligently causing the death of a healthy workingman, 36 years old.

2. SAME—STREET RAILWAYS—CROSSING.
    In an action for death caused by the collision of a street car with a coach at a crossing, an instruction that the driver of the coach was entitled to the presumption that the car would be moved at that point under a reasonable state of control, so that it might be readily stopped in case of emergency, to give him an opportunity to get over in safety, was not erroneous.

3. SAME—RIGHTS OF PRIVATE CONVEYANCES.
    Neither a street railway car nor the driver of a carriage has a paramount right of way at a crossing, but their rights are equal.

4. SAME—INSTRUCTIONS—QUALIFYING REMARK—WITHDRAWAL.
    Error of the trial judge in remarking, as he was about to give an instruction requested by one party, and assented to by the other, that he would charge it, although he did not think it was sound, was rendered harmless by the subsequent explicit withdrawal of the statement, and the express direction that the jury must follow the proposition of law as charged.

5. SAME—OPERATION OF CAR AT CROSSING—PRESUMPTION.
    In an action for death caused by collision with a street car at a crossing, where there was no testimony to the effect that the motorman took any thought with respect to the safety of his action in operating the car, an instruction that, if plaintiff's intestate had a right to assume that he could cross the street in safety, the motorman might indulge in the same presumption without negligence, was properly refused.

Appeal from trial term, Kings county.

Action by Annie Reilly, as administratrix of Patrick Reilly, deceased, against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

I. R. Oeland (G. V. S. Williams, on the brief), for appellant.
James C. Cropsey (B. F. Morris, on the brief), for respondent.

WILLARD BARTLETT, J. This action arose out of a collision between one of the defendant's electric cars and a coach driven by the plaintiff's intestate, who was thrown from his seat and instantly killed. The collision occurred on Fulton street, in Brooklyn, near

the intersection of Clermont avenue. Gates avenue enters Fulton street immediately east of Clermont avenue, at an angle of about 45°. The coach had come out of Clermont avenue, and was moving up and across Fulton street, north and east, toward Gates avenue, when it was struck and demolished by the defendant's west-bound car, which was propelled so rapidly that it ran 250 feet after the collision before stopping.

The verdict in favor of the plaintiff is sufficiently supported by the evidence, and we are not convinced that the award of $15,000 damages represents more than the healthy and vigorous life of this coachman (a man but 36 years old) was worth to his wife and seven children. See Schmitt v. Insurance Co., 13 App. Div. 120, 43 N. Y. Supp. 318. A few of the exceptions, however, present questions which ought not to be passed upon without acquainting counsel with our views in respect to them.

The court charged the jury that, "in the absence of express notice to the contrary by the circumstances, the deceased was entitled to presume that the car would be moved up to the street intersecting under a reasonable state of control, so that it might be readily stopped in case of emergency, to give him an opportunity to get over in safety." The appellant insists that this instruction was erroneous, because tantamount to saying that the motorman was bound to have his car under such control that it could readily be stopped in case of an emergency which the plaintiff's intestate had himself created. Such does not seem to us to be the fair import of what was said by the learned trial judge. The plain meaning was that the driver of the coach, unless advised to the contrary by the situation, might properly assume that the motorman of a car approaching an intersecting street would exercise reasonable care to have his car under such a state of control as to be prepared for emergencies; and this does not seem too strong a statement of the measure of prudence required by the law. Buhrens v. Railroad Co., 53 Hun, 571, 6 N. Y. Supp. 224, affirmed in 125 N. Y. 702, 26 N. E. 752.

In another part of the charge the jury were instructed that there was no paramount right of way for either the railroad company or the driver of the carriage, but that their rights were exactly equal. There was no error in this, in view of the character of Gates avenue, as a practical continuation of Clermont avenue. "At intersecting streets, or a practical continuation of a bisecting street, the rights of a car and a crossing vehicle are equal." Hewlett v. Brooklyn Railroad Co., 63 App. Div. 423, 71 N. Y. Supp. 531.

When about to give an instruction requested by counsel for the defendant, and assented to by counsel for the plaintiff, the learned judge said to both, "I will charge it, although I do not think it is sound." Whatever harm might otherwise have been caused by this statement was averted by its subsequent explicit withdrawal, and the express direction to the jury that they must follow the proposition of law as charged. The prompt and clear correction of the error renders the exception unavailing.

Finally, exception was taken by the defendant to the court's re-

fusal to charge that, "if the plaintiff's intestate had a right to assume that he could cross the street in safety, the motorman might well indulge in the same presumption without being charged with negligence." We can discover no evidence in the case upon which to base the instruction thus requested. There is no testimony or suggestion to the effect that the motorman indulged in any presumption, or that his action was influenced by any assumption whatever. His statement is that upon seeing the coach he tried "brake the car up" as quickly as he could. "It was done in an instant," he says. The proposition which lies at the basis of the request, to the effect that, where one of two parties has assumed that a given condition of things is safe, the other party may act upon the same assumption without being chargeable with negligence, can hardly have any application to a case where there is no proof as to what either party supposed to be the fact. In the cases cited by the appellant it appeared that both parties to the accident believed there was no danger, so that the error was mutual, and gave rise to no liability. McKelvey v. Railway Co., 5 Misc. Rep. 424, 26 N. Y. Supp. 711; Spaulding v. Jarvis, 32 Hun, 621. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.