Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur, except CHESTER and HOUGHTON, JJ., who dissent, on the ground that the fair construction of the moving affidavit is that the proposed departure of the witness from the state is the only fact stated on information and belief, and the source of information is given.

(107 App. Div. 568.)

RUTZ v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department.    October 6, 1905.)

1. STREET RAILROADS—COLLISION WITH TRAVELER—PARAMOUNT RIGHTS IN STREET—CROSSING CUL-DE-SAC—INSTRUCTIONS.

In an action against a street railroad for injury to a traveler in a collision with a street car at a point where the track passes an intersecting street which is at that place a cul-de-sac, a request to charge that the car had a paramount right on the track and that the' place was not a street crossing should have been granted, leaving it to plaintiff's counsel to request a proper instruction defining the manner in which the right must be exercised.

2. APPEAL—HARMLESS ERROR—REFUSAL OF REQUEST TO CHARGE.

In an action against a street railroad for injuries to a traveler in a collision with a car, error in refusing to charge that a street railroad has a paramount right of way in a street when its track passes an intersecting street which is at that point a cul-de-sac, is not cured by an instruction that the motorman, though seeing the traveler at the distance of half a block from the track, was not bound to bring his car to a stop, but had a right to believe that the traveler would not attempt to drive across in front of the car.

Appeal from Westchester County Court.        .

Action by Peter Rutz against the New York City Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial made upon the minutes, defendant appeals.    Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and MILLER, JJ.

Bayard H. Ames, for appellant.
Frank M. Hardenbrook, for respondent.

HIRSCHBERG, P. J.    The plaintiff was injured by a collision in the daytime between a truck which he was driving and a car operated by the defendant on the south-bound track on Columbus avenue, in the borough of Manhattan, New York City, at the corner of Seventy-Eighth street.    Seventy-Eighth street enters Columbus avenue from the west, but does not cross it.    The plaintiff was driving from Seventy-Eighth street, and at the time of the collision was crossing the track with a view of proceeding north on the east side of the avenue.    The defendant requested the court to charge the jury : '

"That inasmuch as it appears by the evidence that Seventy-Eighth street did not cross Columbus avenue, and was not open on the east side, the defendant's. car had a paramount right on the track at the place of the accident, and that it. was not a street crossing in law."

The request was refused and an exception was taken. It should have been granted. The learned counsel for the respondent makes no claim in his brief that it does not state the law correctly, but urges that it should have been qualified by a statement that the paramount right could only be lawfully exercised in a reasonably careful and prudent manner. It is undoubtedly true that the right is not exclusive, but subject to the rights of vehicles and pedestrians, and that in its exercise the defendant is bound to use reasonable care in view of the situation and surroundings. But, unless the rights of the parties on the track at the place where the accident occurred are equal in law, the defendant was entitled to have the instruction given, leaving it to the plaintiff's counsel to request proper instruction as to the manner in which the law requires the defendant to exercise its right. In Hewlett v. Brooklyn Heights R. R. Co., 63 App. Div. 423, 71 N. Y. Supp. 531, this court reversed a judgment because the court charged the jury that the defendant's car had "no paramount right" at a similar point of street bisection as that in the case at bar ; and the refusal of the request in this case must be regarded, and was doubtless regarded by the jury, as equivalent to an instruction that the defendant here had no paramount right in law, as between the parties, to the use of its car track at the junction of Seventy-Eighth street and Columbus avenue. The cases to the contrary are considered in the Hewlett Case, supra, and they confine the rule of equal rights to streets which cross each other, or where two streets enter another from opposite sides, but so near together as to practically constitute a continuous street. See, to the same effect, Reilly v. Brooklyn Heights R. R. Co., 65 App. Div. 453, 72 N. Y. Supp. 1080.

The respondent further insists that the error was cured by a subsequent charge, made by the court at the defendant's request, to the effect that if the defendant's motorman, at the distance of half a block from Seventy-Eighth street, saw the plaintiff's horses at the west street crossing, "he was not bound to bring his car to a stop, but had a right to believe that the plaintiff would not attempt to drive across in front of the car." The claim that this instruction in any degree whatever involved the proposition that the defendant has or had a paramount right of way on the car track at Seventy-Eighth street is clearly untenable. The motorman certainly was not bound to bring his car to a stop when 100 feet away from the point where the street and avenue meet, and especially when the plaintiff was at a considerable distance from the track and there was nothing to indicate that he intended to cross it; but that fact bears no necessary relation to the respective abstract rights of the parties at the point where the accident subsequently occurred.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.