MARTIN M. MOORE, Respondent, v. ROCHESTER RAILWAY COMPANY, Appellant.

Street surface railways — street crossings — relative rights of street cars and vehicles at such crossings.

At street crossings a street car has not the paramount right of way over a vehicle.  Neither has a right superior to the other. The same rule applies where a side street runs into but not across the street occupied by the tracks, in case the vehicle is compelled to cross the tracks in order to obey the law of the road.

*Moore* v. *Rochester Railway Co.*, 134 App. Div. 853, affirmed.

(Argued January 18, 1912; decided January 30, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 23, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. F. Strang* and *W. A. Matson* for appellant. It was error for the court to refuse to instruct the jury that the defendant had the paramount right of way passing Marietta street at the time of the accident. (*Hewlett* v. *B. H. R. R. Co.*, 63 App. Div. 423; *Rutz* v. *N. Y. C. Ry. Co.*, 107 App. Div. 568; *O'Neill* v. *D. D., etc., R. R. Co.*, 129 N. Y. 125.)

*James M. E. O'Grady* for respondent. There was no error in the court's refusing to charge that the defendant had the paramount right of way passing Marietta street at the time of the accident. (*O'Neill* v. *D. D., etc., R. R. Co.*, 129 N. Y. 125; *Sperry* v. *U. Ry. Co.*, 129 App. Div. 594.)

VANN, J. Marietta street, running east and west in the city of Rochester, enters but does not cross St. Paul street, running north and south. At this point St. Paul street is forty feet wide from curb to curb and is occupied in part by the two tracks of the defendant's street surface railroad. The south-bound trolley cars use the west track, or the one farthest from the point where Marietta street enters St. Paul.

On the 14th of March, 1908, at about half-past five in the afternoon the plaintiff was driving west on Marietta street with an ordinary express wagon about ten feet long drawn by one horse. As he approached St. Paul street from the east his duties required him to turn to the south on that street and in order to do so the law of the road as well as an ordinance of the city required him to cross the street so as to keep on the right-hand side thereof. As he drove out of Marietta into St. Paul street on a slow trot, looking toward the north he saw a car of the defendant coming south about two hundred feet away, as he estimated the distance. He went on and

was nearly across the tracks when, looking north again, he saw the car very near him.   He hurried his horse forward, but before he could get out of the way the car struck the rear part of the wagon, whirled it around and dragged it with the horse and himself for one hundred. feet or more.   In this action, brought to recover damages for the injuries sustained by him, we need not state the facts in greater detail, because the usual questions relating to the alleged negligence of the respective parties are removed from review in this court by the concurrent and unanimous action of the courts below.

The only question requiring discussion is presented by an exception taken by the counsel for the defendant to the refusal of the court to charge his request "that the defendant had the paramount right of way passing Marietta street at the time of the accident." Mr. Justice WILLIAMS, writing for all the justices of the Appellate Division, held that the reason for the rule at street crossings "that the vehicle has the right to cross, and must cross the tracks, is equally applicable to a vehicle coming out of a street which runs *to* but does not *cross* the street, provided it is necessary to cross the tracks in order to proceed along the side the rule of the road requires." The Appellate Division of the second department took the opposite view in two cases, holding that the rule governing the right of way at street crossings does not apply where "one street bisects but does not intersect another upon which a street surface railroad is operated." (*Hewlett* v. *Brooklyn Heights R. R. Co.*, 63 App. Div. 423; *Rutz* v. *New York City Ry. Co.*, 107 App. Div. 568.)

Both parties to this appeal rely upon a well-known case and each makes the same quotation from the excellent opinion of Judge EARL therein, as follows: "As the cars must run upon the tracks and cannot turn out for vehicles drawn by horses, they must have the preference and such vehicles must, as they can, in a reasonable manner, keep off from the railroad tracks so as to permit the free

and unobstructed passage of the cars.   In no other way
can street railways be operated.   As to such vehicles the
railways have the paramount right to be exercised in a
reasonable and prudent manner.   But a railway crossing
a street stands upon a different footing.   The car has the
right to cross and must cross the street, and the vehicle
has the right to cross and must cross the railroad track.
Neither has a superior right to the other.   The right of
each must be exercised with due regard to the right of
the other, and the right of each must be exercised in a
reasonable and careful manner, so as not unreasonably to
abridge or interfere with the right of the other." (*O'Neil
v. Dry Dock, E. B. & B. R. R. Co.,* 129 N. Y. 125, 130.)

The rule governing the subject at street crossings
differs from the rule that applies between blocks, and
each rests on its own peculiar reason.   Between blocks
there is no traffic across the street.   While people some-
times walk across and occasionally drive across from
driveways leading to their dwellings, walking across is
unnecessary and driving across is infrequent.   Hence the
law gives the street cars the paramount right of way
between blocks, although it is to be exercised in a reason-
able and prudent manner.

On the other hand, at street crossings traffic is neces-
sary and continuous.   Vehicles must cross the street and
hence must cross the tracks, or they cannot use the high-
ways provided for travel.   This necessity takes from the
cars at street crossings the paramount right they enjoy
between blocks and places them on an equality with vehi-
cles.   At such points as Judge EARL announced "neither
has a right superior to the other," for the reason that
" the vehicle has the right to cross and must cross the
railroad track."

We think the same reason applies to the situation pre-
sented by the case now before us, where the side street
ran to but not across the street occupied by the tracks,
yet the vehicle was compelled to cross the tracks in order

to obey the rule of the road. The necessity created by law in the one case is as imperative as that created by the physical situation in the other, and owing to such necessity the rule should be the same as at street crossings proper. While the necessity is not created by precisely the same situation in both cases, it exists with the same force in each and rests on the same reason.

In view of the opinion below, we regard further discussion as unnecessary. The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, HISCOCK and COLLIN, JJ., concur.

Judgment affirmed.