### SCHIFFMACHER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

STREET RAILROADS (§ 85*)—REGULATION AND OPERATION—RIGHT OF WAY.

    A street car, at a point where another street intersects, but does not cross, the street on which it is being operated, has no right of passage paramount to that of a vehicle driver wishing to cross the tracks; but the rights of each are equal, to be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the rights of the other.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 193, 195; Dec. Dig. § 85.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by John F. Schiffmacher against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial granted.

Argued before GARRETSON, STAPLETON, and KAPPER, JJ.

Henry J. Bigham, of New York City, for appellant.
James W. Carpenter, of Brooklyn, for respondent.

PER CURIAM. The learned trial court accorded to the defendant's car, as a matter of law, the paramount right of way while coming to and in passing the street on which plaintiff's automobile was being operated and was approaching the defendant's tracks to cross the same. That street ran to, but did not cross, the street on which the cars of the defendant were operated. The ruling of the trial court followed the law of this department. Hewlett v. Brooklyn Heights R. R. Co., 63 App. Div. 423, 71 N. Y. Supp. 531; Rutz v. N. Y. City Ry. Co., 107 App. Div. 568, 95 N. Y. Supp. 345. Since the trial, the Court of Appeals, in Moore v. Rochester Ry. Co., 204 N. Y. 309, 97 N. E. 714, overruled the two cases cited, and held that at such a place as this, where a street ran into, but not across, the street occupied by the tracks, a street car's right of passage was not paramount to the right of a vehicle wishing to cross the tracks, but that the right of each was equal, to be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other. Had this rule of law been applied at the trial, a finding might have been made in favor of plaintiff.

However that might have been, we think that the application of the rule of paramount right was the basis of the learned judge's conclusion that plaintiff's driver should have stopped and permitted the car to pass. In reversing this judgment, which we feel constrained to do, we do not wish to be understood as holding that the plaintiff is entitled to recover, but leave that to be determined on the new trial.

Judgment reversed, and a new trial granted; costs to abide the event.