EMELINE DAVIS, as Administratrix, etc., of WILTON M. DAVIS Deceased, Appellant, *v.* NEW YORK STATE RAILWAYS, Respondent.

Fourth Department, September 24, 1924.

Street railways — action for death of plaintiff's intestate who was killed by street car — contributory negligence — error, under facts, to hold that intestate was guilty of contributory negligence as matter of law — ringing of gong on street car not conclusive in favor of defendant.

In an action to recover for the death of plaintiff's intestate who was killed by a street car while he was crossing the street at a street intersection, it was error to hold that the deceased was guilty of contributory negligence, as a matter of law, and the question should have been submitted to the jury, since it appears that, while the view of the approaching street car was not obstructed and the car was observed by the deceased, it also appears that the power was turned off the car and the brakes applied shortly before it reached the crossing; that after this was done the deceased started to cross the track without looking again toward the car; that the motorman then released the brakes and applied the power; and that the car was traveling at about twenty-five miles per hour when it struck the deceased.

The ringing of the gong by the motorman was not a conclusive circumstance in favor of the defendant.

APPEAL by the plaintiff, Emeline Davis, as administratrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 19th day of April, 1923, upon the verdict of a jury, rendered by direction of the court, and also from an order entered in said clerk's office on the 27th day of April, 1923, denying plaintiff's motion for a new trial made upon the minutes.

*James T. Cross*, for the appellant.

*Warnick J. Kernan*, for the respondent.

SEARS, J.:

In this negligence case the trial court directed a verdict for the defendant upon the ground that the plaintiff's intestate was shown to have been guilty of contributory negligence as matter of law. The only question before us relates to the conduct of the deceased. Ordinarily in cases of this kind the question of contributory negligence is one of fact for the jury. (*Massoth* v. *Delaware & Hudson Canal Co.*, 64 N. Y. 524.) "If any possible hypothesis based on the evidence forbids the imputation of fault to the deceased, as matter of law, the question is for the jury." (*Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233; *Nicholson* v. *Greeley Square Hotel Co.*, 227 id. 345, 349.) The plaintiff's intestate, a

man in good health, in his seventy-third year, was crossing Expense street in the city of Rome on the southerly crosswalk of Embargo street from an easterly to a westerly direction, when he was struck by a street car of the defendant which was proceeding in a northerly direction in Expense street. There was at this point but a single track and the distance from the easterly curb of Expense street to the nearest rail was twelve and seven-tenths feet. The place where cars ordinarily stopped when proceeding in a northerly direction to take on and let off passengers was about twenty-seven feet southerly from this crosswalk. There was no compulsory stop at such point — cars stopping only on signal. When the deceased was at the curb he looked in the direction of the car. There is evidence that the car was then slowing down and under such control that the operator could have brought it to a stop at that crossing to take on and discharge passengers. The power was off and the brakes were applied. The car at this time was a car length or more from the crossing. The deceased then proceeded to cross the track, not looking again, while the motorman, after the deceased had looked toward the car, released the brakes and applied the power. It also appeared that about this time the motorman gave several taps upon the gong. The deceased had reached a point near the center of the front of the car when he was struck for the headlight was broken by the impact with his body. The car had increased its speed to at least twenty-five miles an hour when the collision occurred and went on over two hundred feet before it was brought to a stop. Upon these facts a question was presented for the jury as to the negligence of plaintiff's intestate. The burden of establishing his negligence rested with the defendant. (Civ. Prac. Act, § 265; Decedent Estate Law, § 131, as added by Laws of 1920, chap. 919.) We cannot know with certainty what circumstances impelled the deceased to proceed. A possible hypothesis based on the evidence consonant with reasonable care is that he went forward in the belief that the car was slowing either to stop and let passengers off or to afford him an opportunity to cross the street. (*Knapp* v. *Barrett*, 216 N. Y. 226.) The rights of a street railway car and of a pedestrian or vehicle at a street intersection are equal. (*Moore* v. *Rochester R. Co.*, 204 N. Y. 309; *O'Neil* v. *Dry Dock, E. B. & B. R. Co.*, 129 id. 125.) Except for a change in speed of the car, after plaintiff's intestate made his observation, it does not appear that he would have been struck. The ringing of the gong was not a conclusive circumstance in favor of the defendant It doubtless warned the deceased of the presence of the car, but of that he was already aware and a jury might have found that he was still exercising reasonable care in

**318** PIONEER SS. CO. *v.* SANDAY (SS. McKINNEY). (No. 1.)

Fourth Department, September, 1924. [Vol. 210

proceeding in reliance upon the observation which he had made with due care, even after the gong was rung. (*Carr* v. *Pennsylvania R. R. Co.,* 225 N. Y. 44, 47.)

Cases somewhat similar to this where the accident did not result fatally and the person himself was the plaintiff, such as *Lofsten* v. *Brooklyn Heights R. R. Co.* (184 N. Y. 148) and *McGuire* v. *New York Railways Co.* (230 id. 23) are distinguishable for in such cases it was incumbent upon the plaintiff to establish his own freedom from contributory negligence.

The judgment and order appealed from should be reversed, with costs to the appellant to abide the event.

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Judgment and order reversed on the law, and a new trial granted, with costs to appellant to abide event.