William Geyer, Respondent, *v.* International Railway Company and Another, Appellants.

Fourth Department, November 12, 1924.

Street railways — action by passenger of street car to recover for injury suffered in collision of street car with motor truck at street intersection — fact that intersection was stopping place for street car does not affect question of defendant's negligence — right of way is equal — priority of time is element only in determining rights — instructions — request to charge that priority in time gives priority of right was properly refused.

In an action to recover damages for an injury suffered by the plaintiff, a passenger on defendant's street car, when the car collided with an automobile truck at a street intersection, negligent failure of the motorman to stop his car to allow the truck to pass before the car entered upon the intersection was entirely unconnected with the circumstance that the point where he negligently failed to stop the car was also a stopping place for passengers to alight.

The request to charge that priority in time gave priority of right at the street intersection was properly refused, for priority of time in reaching the intersection is only one of the elements to be considered in determining the care that should have been exercised by the motorman.

Appeal by the defendants, International Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 7th day of February, 1924, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 24th day of February, 1924, denying the defendants' motion for a new trial made upon the minutes.

This action was brought to recover damages for injuries to the plaintiff sustained while riding on a street car when it collided with an automobile truck at a street intersection.

*Frederic R. Twelvetrees,* for the appellant International Railway Company.

*Fred W. Thomas,* for the appellant Turner.

*Karl A. McCormick,* for the respondent.

Per Curiam:

The collision between the street car and the truck may have been due, so far as the street car was concerned, to a negligent failure of the motorman to stop his car to allow the truck to pass before the car entered upon the intersection. Such negligent failure would be entirely unconnected with the circumstance that the point where he may have failed through negligence to stop was also a stopping place for passengers to alight. We find no ruling

of the trial court which passes beyond the proposition stated above.

The rights of each of the two vehicles at the street intersection to cross the path of the other were equal. (*Moore* v. *Rochester R. Co.*, 204 N. Y. 309.) Priority in time in reaching the intersection is only one of the elements to be considered in determining the care exercised by the motorman in proceeding. (*Warne* v. *Brooklyn Heights R. R. Co.*, 175 App. Div. 559; *Ward* v. *Clark*, 232 N. Y. 195.) The request embodying an inflexible rule that priority in time gives priority of right was properly refused.

The judgment and order appealed from should be affirmed, with costs.

Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ., All concur.

Judgment and order affirmed, with costs.