WILLIAM GRIFFIN, Appellant, v. UNITED TRACTION COMPANY, Respondent.

Third Department, May 6, 1925.

Street railways — action to recover for personal injuries suffered by plaintiff when street car struck his wagon as he was crossing track to enter side street — street car approached from plaintiff's rear at thirty miles per hour — distance from curb to track was nineteen and one-half feet — plaintiff turned when street car was about two hundred and fifty feet in rear — plaintiff used whip to prevent horses from slowing up — left side of car fender struck left rear wheel of wagon — plaintiff not guilty of contributory negligence as matter of law.

In an action to recover damages for injuries suffered by the plaintiff when the left side of the fender of a street car struck the left rear wheel of defendant's wagon as he was crossing the street and track for the purpose of entering a side street, the plaintiff was not guilty of contributory negligence, as a matter of law, since it appears that he was driving in an easterly direction on the south side of the street; that there were no other vehicles in the immediate proximity of the plaintiff; that the distance from the south curb to the track was nineteen and one-half feet; that as he turned his team to cross the track for the purpose of entering a side street to the north, the street car was approximately two hundred and fifty feet in the rear; that the street car was traveling at the rate of about thirty miles per hour on a down grade; and that the plaintiff used his whip, not for the purpose of racing across the track in front of the street car, but for the purpose of preventing the horses from slowing up on the street car tracks.

APPEAL by the plaintiff, William Griffin, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 17th day of April, 1924, upon the verdict of a jury rendered by direction of the court.

*Hun, Parker & Reilly* [*Michael D. Reilly* and *Herbert D. Hamm* of counsel], for the appellant.

*John E. MacLean* [*P. C. Dugan* of counsel], for the respondent.

COCHRANE, P. J.:

Ludlow alley, a public highway twelve feet wide, running north and south in the city of Albany enters on the north but does not cross Clinton avenue running east and west. Two tracks of the defendant's street surface railroad occupy the center of Clinton avenue. The plaintiff, operating an ash wagon drawn by two horses, was proceeding easterly on the southerly side of Clinton avenue. He was sitting on the left side of the seat beside his driver. Opposite Ludlow alley they turned across the tracks of the defendant to enter the alley. The left rear wheel of the wagon was struck by the left side of the fender of one of the defendant's cars pro-

ceeding easterly on the southerly track and plaintiff was thrown from the wagon and injured. In this action for the negligence of the defendant a verdict has been directed against the plaintiff because of his contributory negligence. In the light of the most favorable inferences for the plaintiff, therefore, which the jury might have drawn we must consider whether any negligence of himself or of his driver contributed to the accident. It is not questioned on this appeal that the motorman of the defendant was negligent. The evidence of the plaintiff indicates that at the moment of collision the motorman was advancing at the rate of thirty miles an hour on a down grade and with no vehicle or other obstruction in the street to interrupt his view of the plaintiff or to divert his attention.

The right of the wagon attempting to enter Ludlow alley was equal to that of the street car. The latter had not the paramount right of way at this point (*Moore* v. *Rochester Railway Company*, 204 N. Y. 309) and plaintiff was unquestionably first at the intersection. In the case cited the plaintiff was emerging from the side street. In this case he was entering. But it is not perceived how the rule can differ in the two cases. The necessity underlying the rule and giving rise to its existence is precisely the same in either case. But even in those cases where formerly it had been held that the right of the defendant was paramount it was also held that such paramount right must be exercised in a manner commensurate with the fact that there is at the place in question an intersecting street. (*Rulz* v. *New York City R. Co.*, 107 App. Div. 568; *Hewlett* v. *Brooklyn Heights R. R. Co.*, 63 id. 423.) In the case last cited it was said: "Though such [paramount] right exists where the rails pass a *cul de sac*, yet the exercise thereof must be commensurate with the obvious difference between the unbroken part of a street and the part broken by the entrance of a *cul de sac* which is used by vehicles for access to the street. For though the vehicles cannot use the *cul de sac* to cross the street, which necessarily is to pass over the rails, they may use it to enter the street, and, therefore, the paramount right must be exercised with ordinary reason and prudence in view of this use and the physical condition of the locality." The motorman admitted that he knew plaintiff might attempt to cross the tracks at that point. He clearly had a right to do so in the exercise of proper care.

The wagon was proceeding within two or three feet of the south curb of Clinton avenue. From that curb to the most southerly rail was less than nineteen and one-half feet. When the horses started to make the turn both plaintiff and his driver looked back and saw the car approaching at a distance which they fix at not

less than two hundred and fifty feet. When they reached a point in front of the car and were about to be struck by it they estimated its speed at about thirty miles an hour. In *Buhrens* v. *Dry Dock, etc., R. R. Co.* (53 Hun, 571; affd., 125 N. Y. 702), when the plaintiff's horse was ten feet from the track, plaintiff " saw a car coming terrible fast, about seventy feet away." What was said by VAN BRUNT, P. J., in that case applies here: " It appears that the plaintiff was driving slowly, and that all of the wagon except the hind wheel cleared the car, which shows that the plaintiff's opinion that he could pass the car safely was not entirely without foundation, and if the latter had been properly managed would have been undoubtedly correct. Assuming that the plaintiff saw the car approaching very fast, still there was nothing to indicate to him that it was not under control of the driver, and he had a right to believe that the latter would exercise proper care. The plaintiff supposed he would clear the car, and, although subsequent events proved that he erred in this conclusion, a mere error of judgment was not necessarily negligence when the proof shows that had the car been properly managed, as the plaintiff had a right to assume it would be, he would have been enabled to cross in safety."

The defendant urges that plaintiff should have looked a second time before going on the tracks and cites *Woodward* v. *New York Railways Co.* (164 App. Div. 658; affd., 221 N. Y. 538). In that case the distance traversed by the plaintiff without the second look was greater than here and in addition to that fact the court said: " What especially convicts the plaintiff of negligence is that she actually saw the car coming and *speculated, as she says herself,* whether or not she had time to cross in front of it." Here the distance of the horses' heads to the rear wheels of the wagon was shown to be eighteen feet, almost equal to the entire distance between the curb and the tracks. Manifestly only a few seconds intervened after the horses began to turn before they were upon the track. Much stress is placed on the fact that the driver whipped the horses before they reached the track. Every witness who speaks on the subject says the horses walked across the tracks. Evidently they were a slowly moving team and the use of the whip was not to make them race across the track, which no witness says they did, but to avoid loitering on the track. So at least the jury might have found. In fact in the *Woodward Case (supra)* there is a clear intimation that the plaintiff was negligent in not increasing the speed of her horse, since by so doing " she could easily have cleared the car " as the court states. In view of all the facts and circumstances we conclude that the questions of negligence of both parties should have been submitted to the jury.

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.