THE COOK BREWING COMPANY *v.* BALL.

[No. 2,703. Filed Feb. 22, 1899. Rehearing denied June 30, 1899.]

APPEAL AND ERROR.—*Dismissal.*—The fact that the evidence or bill of exceptions is not properly in the record is not ground for a motion to dismiss the appeal. *pp. 657, 658.*

SAME.—*Record.*—*Additional Transcript.*—Any omitted papers or entries in a cause may be brought to the Appellate Court in an additional transcript by a proper application therefor. *p. 658.*

SAME.—*Record.*—*Certiorari.*—The record on appeal cannot be impeached by the original bill of exceptions brought up by the appellee on a writ of *certiorari. p. 659.*

Cook Brewing Co. *v.* Ball.

APPEAL AND ERROR.— *Record.* — *Evidence.* — The record on appeal need not show the appellant's request for the certification of the original report of the evidence. *pp. 659, 660.*

SAME.—*Record.*—*Evidence.*—A transcript purporting to contain all of the evidence will not be held to be incomplete on account of the omission of certain documentary evidence, where the record shows that such matter was only offered in evidence. *p. 660.*

EVIDENCE.—*Examination of Party.*—No error was committed in the trial of an action for damages, in refusing to permit the defendant to read certain parts of plaintiff's deposition taken as an examination under the statute (section 518 *et seq.* Burns 1894), unless the entire deposition was read. *pp. 660, 661.*

SAME.—*Damages.*—*Personal Injury.*—A plaintiff in an action for damages for personal injuries has the right to refuse to submit to a medical exmination of such injuries without giving any reason for such refusal, and where the reason for such refusal was given in evidence in the trial of the cause, no error was committed in permitting the witness to give an explanation of the reason. *pp. 661-664.*

INTERROGATORIES TO JURY.—*Rejection.*—*Appeal and Error.*—The action of the court in excluding interrogatories submitted by defendant will not be reviewed on appeal, where some of the interrogatories were improper, and no particular interrogatories are discussed by counsel, and the court is not referred to any evidence to which they could be regarded as applicable. *pp. 664, 665.*

HIGHWAYS.—*Law of the Road.*—*Collisions.*—*Crossings.*—The law requiring travelers who meet on the public highway to keep to the right applies to a meeting at a crossing. *pp. 665, 666.*

From the Warrick Circuit Court. *Affirmed.*

*Charles L. Wedding,* for appellant.

*S. R. Hornbrook, J. E. Williamson* and *W. M. Wheeler,* for appellee.

BLACK, C. J.—The appellee recovered judgment against the appellant in the sum of $1,000 for personal injury. It is assigned that the court erred in overruling the appellant's motion for a new trial.

The appellee has moved to dismiss the appeal. The first and second grounds of the motion are, in effect, because the evidence is not properly in the record, and because "the bill

of exceptions" is not properly in the record. These are not good grounds for a motion to dismiss an appeal. It is proper to call the attention of this court to any such supposed insufficiency in the record, and this court,—the matter coming to its notice by its own examination of the record, or through the suggestion of counsel,—will not reverse the judgment for an alleged error insufficiently shown by the record. The third ground in the motion to dismiss is that the first brief filed by the appellant is not a sufficient brief under the rules of this court. While the brief in question does not contain a full and satisfactory discussion of the assigned errors relied upon, it can not be said to be entirely inadequate. The fourth and last ground in the motion is that the transcript contains no precipe giving directions to the clerk what to certify up; that in this case his duty was to certify a complete record, while the record itself shows that it is incomplete, in that it shows that the action originated in the Vanderburgh Circuit Court, while the record gives no history of the case in said court.

The record shows that the complaint, which is set out, was filed in the court below, on change of venue from the Vanderburgh Circuit Court. At the end of the transcript the clerk certifies that "the above and foregoing transcript contains true and complete copies of all papers and entries in said cause as set out." The appellee submitted his cause to the court below, and recovered his judgment under the complaint so set out in the record. He is not in position to deny the jurisdiction of the trial court, and he does not pretend to do so. If the certificate of the clerk, as above stated, was not correct, and there were other papers or entries constituting parts of the record of this cause remaining in the court below, a transcript thereof, upon proper application, might have been brought into this court. We do not find any sufficient reason for the dismissal of the appeal.

The question whether or not the evidence is in the record is one which is always before us when any matter requiring

its presence is to be considered. If we find upon examination of the transcript that the evidence is properly in the record, we need not so state unless we are called upon to do so by some proper objection or suggestion of counsel. As already remarked, a motion to dismiss the appeal will not lie for such a cause, and, having concluded that the evidence is properly before us, we perhaps might pass the matter without further remark; yet we will notice the objections of counsel briefly. The transcript is without any fault in this regard, but it is claimed on behalf of the appellee that the longhand manuscript of the evidence was not incorporated in the bill of exceptions when it was presented to the judge, and signed by him, but that it was attempted to incorporate it by a direction to the clerk by the words "Here insert." In seeking to impeach the record in this court in this respect, the appellee procured a *certiorari*, and the clerk of the court below has certified to this court the original bill of exceptions, except, of course, the original longhand report of the evidence already here. Affidavits relating to this matter also have been filed in this court. If we were to try the question upon the showing thus made, our conclusion would not uphold the appellee's position. But the record in this court cannot thus be made up or changed. The appeal must be determined upon a transcript of the record remaining in the court below, except so far as the statute otherwise permits, as in the case of the certification of the original longhand report of the evidence instead of a transcript thereof.

As one of the reasons for claiming that the evidence is not properly before us, it is suggested that it does not appear that the appellant directed the clerk to certify up the original longhand report of the evidence, and that it was the clerk's duty to copy the entire record. The transcript of the record, with the appellant's assignment of errors attached, having been filed in this court, we will not presume against the record that the clerk did not have the authority of the appellant to certify up the original report of the evidence,

instead of his copy thereof. It is not necessary that the record show the appellant's request for the certification of the original report of the evidence. It is further objected that the record shows the introduction of evidence which is not set out in the record. This objection relates to an almanac, but the record shows, not that it was introduced, but only that it was offered in evidence.

One of the grounds of the motion for a new trial was the refusal of the court to permit the appellant to read "certain parts of the deposition of the plaintiff, Harry N. Ball, taken November 20, 1896, and in ruling that the defendant should not put in evidence any part of the deposition unless he put in all, and thereby obliging the defendant to put in evidence the entire deposition, to get the benefit of any." A writing purporting to be a deposition of Harry N. Ball, the plaintiff, and having his name attached thereto, was produced on the trial. The plaintiff was a witness on the trial, and then testified that this paper was the deposition he had given in the case, and that after giving it he had read and signed it; and while so testifying upon the trial he was interrogated concerning some of the questions and answers in that paper. At a subsequent stage of the trial, to which the statement of cause in the motion for a new trial relates, the appellant, as shown by the record, offered in evidence parts of the deposition not specified in the offer except as parts testified and sworn to at the former stage of the trial. The appellant, it is shown by the record, asked to introduce these parts "because the plaintiff himself testified that he made the distinct statements which are indicated, and offered to be read in evidence, and that he testified to the statements separate from other parts of the deposition." The court sustained appellee's objection to the introduction of the parts, but permitted the whole deposition to be introduced. It appears from the statement of counsel in making the offer to read the parts that they were not offered for the purpose of impeachment, for when read to the witness on the trial he

testified that he had so stated in his deposition. The deposition in question appears to have been intended as an examination of the appellee taken at the instance of the appellant, under the statute, section 518 *et seq.* Burns 1894, section 510 *et seq.* Horner 1897. It is there provided that the examination may be had "before any officer authorized to take depositions," and that it "shall be taken and filed as a deposition in the cause, and may be read by the party taking it, at his option." In *Scott* v. *Indianapolis Wagon Works*, 48 Ind. 75, it was held to be error to permit a part of such an examination to be read in evidence by the party taking it. It was said by the court: "The whole deposition or examination should have been read in evidence." We observe that it is not shown by the record that the examination was filed as a deposition in the cause, and, further, that it does not appear to be authenticated by any officer authorized to take depositions. The person whose name is signed to the certificate, and who therein states that the deposition was taken by him, does not anywhere appear or purport to have been, or to have professed to be, an official of any kind. The appellant must be regarded as having read the examination in evidence voluntarily, and of its own motion. There does not appear to have been any available error in the action of the court.

On the trial, which was on the 30th of September, 1897, the appellant introduced in evidence a letter, signed by an attorney for the appellant, to the attorneys for the appellee, with the written acknowledgment by the attorneys for the appellee of the receipt thereof on the 5th of June, 1897, in which said attorney for the appellant requested the attorneys for the appellee to consent, or to procure the appellee's consent, to an examination of the appellee by two physicians, to determine the nature and extent of the injuries for which appellee sued herein, at such time and place as might be satisfactory to appellee or his said attorneys, and the names of two physicians were suggested. The appellant then

called as a witness one of the said attorneys for the appellee, who had so acknowledged the service of said notice or request, who testified on his examination in chief that he did not give said attorney for the appellant any notice of consent or permission to make an examination. On cross-examination the witness was asked to state what he did with regard to the notice that was served. He answered that the case was finally postponed and the matter dropped; that, before that, the witness consulted with his associate counsel, and that they consulted with Dr. McCoy. It had appeared in evidence that Dr. McCoy attended the appellee, as his surgeon, after his injury. The witness was proceeding to state what was the advice of the physician, when the appellant objected to "the testimony of the witness as to the reasons for not consenting to the examination, and especially to his testifying to the conversation with Dr. McCoy, and reasons assigned by Dr. McCoy for not submitting to the examination, as hearsay, not original testimony, and not admissible or competent in this case." The objection having been overruled, the witness proceeded: "I think I have stated I consulted with you in the matter, and we consulted with Dr. McCoy, and determined, on his advice in the matter, that such an examination would be very apt to result injuriously to the plaintiff, Mr. Ball, and might seriously retard his recovery, and we thought we owed it to him to refuse the examination, inasmuch as we were not required to submit to it."

In *Louisville, etc., R. Co.* v. *Falvey*, 104 Ind. 409, which was an action for personal injury, it was said concerning the exclusion of an affidavit of Dr. O'Farrall offered in evidence: "It is said that this affidavit was competent for the purpose of showing that the appellee objected to a medical examination of his person. We perceive no merit in this position. The appellee unquestionably had a right to make the objection she did, and the jury could have nothing to do with her conduct in opposing an examination. It is a debatable

Cook Brewing Co. *v.* Ball.

question whether a party can be compelled to submit to a medical examination at the instance of the opposite party, and it can not affect the merits of the case that an objection is made to such an examination." In *Kem* v. *Bridwell*, 119 Ind. 226, an action for slander, it was held that there was no error in a ruling of the court refusing to grant an application for an order requiring the plaintiff to submit her person to an examination of medical experts. In *Hess* v. *Lowrey*, 122 Ind. 225, 7 L. R. A. 90, an action for a personal injury, through malpractice, the action of the trial court in refusing to make an order requiring the plaintiff to submit to a private examination by the defendant's medical experts was sustained, it being held that the application was not seasonably made. For like reason a similar ruling was upheld in *Terre Haute, etc., R. Co.* v. *Brunker*, 128 Ind. 542. In *Pennsylvania Co.* v. *Newmeyer*, 129 Ind. 401, an action for personal injury, the subject was more fully considered, and it was held that the courts of this State have no power to require a plaintiff in such a case to submit to an examination of his injuries by surgeons appointed by the court. It was said: "Should a litigant willingly submit, then there could be no legal objection to such an examination, and should he refuse to submit to a reasonable examination his conduct might possibly be proper matter for comment." This, as was stated by the court, was quite a different matter from that which was involved in the case before the court.

It will be observed that the witness whose testimony we are considering did not testify to any statement of the physician, Dr. McCoy, but testified that, on his advice in the matter, the witness and the attorney associated with him determined that the examination would result injuriously to the appellee and that they thought it their duty to him to refuse, as they were not required to submit to the examination. The appellee had a right to refuse to submit to the examination without giving any reason. Any reason

was sufficient. The objection to the examination could not affect the merits of the case. It having been proved, —whether properly or improperly, is not a question for decision,—that the request had been made and refused, there was no available error in permitting the explanation given by the attorney testifying as a witness, which went to the jury simply as an explanation for the refusal to do a thing not at all obligatory, and not by way of proving facts affecting the merits of the cause.

One of the causes in the motion for a new trial was "Error of the court in not allowing J. C. DeBar to testify as to whether a high-geared bicycle was a fast or slow running bicycle." The question addressed to the witness, to which we are referred in the appellant's brief, was: "Is a high-gear or low-gear bicycle a fast or slow running bicycle?" This does not seem to be such a question as that described in the motion for a new trial, or one adapted to elicit such testimony as that which the court is by the motion represented as not allowing. Besides, it had not been shown that the witness was acquainted with the effect of differences in the gearing of bicycles. The question of speed entered into the question of negligence involved, and, incidentally, the capacity for speed of the bicycle on which the appellee was riding, when injured by collision with one of the horses attached to and drawing the appellant's beer wagon, was a relevant matter; but that capacity could not be proved or usefully illustrated by such a comparison.

The appellant submitted to the court a written series of interrogatories to be answered by the jury when they rendered the general verdict; but the court refused to submit them to the jury. There could be no error in refusing to submit all of these interrogatories, for some of them did not call upon the jury to find specially upon particular questions of fact, but asked for the decision of questions of mixed law and fact; and by one they were asked to give the items of the finding for the plaintiff and the amount allowed him in each

item. The appellant contends that if some of the interrogatories did not relate to specific facts, yet the court would not therefore be justified in excluding the other interrogatories. But no particular interrogatories have been discussed by counsel, nor have we been referred in such connection to any evidence to which any of the interrogatories are by counsel regarded as applicable. We cannot regard the action of the court in relation to any of these interrogatories, separately considered, as properly presented by the appellant for our examination.

Among the instructions given to the jury was the following: "The law requires that persons who meet on the highway shall keep to the right. This, however, does not give a person a right to keep to the right of the road regardless of consequences. It simply means that his duty is to keep to the right unless he has some warning to indicate to him that he must take some other course to protect himself, or to avoid injury to others." The case on trial, as shown by the pleadings and the evidence, involved a collision of a bicycle, ridden by the appellee, with one of the horses drawing the appellant's wagon, and driven by its servant, upon a public highway. The jury would understand the instruction to relate to the meeting of such vehicles upon the highway, and to the rule that each of them should keep to his own right-hand side of the other. With such understanding, there was no available error in giving the instruction.

Among the instructions asked by the appellant, and refused, was the following: "The law of the road requiring people in towns traveling on highways to turn to the right does not apply to crossings." The law of the road to which this instruction expressly relates is a rule to be observed by travelers meeting each other upon a public highway, and it applies to persons who meet each other at any part of a highway, whether at a crossing or elsewhere. So, leaving out any question as to whether the instruction was not sufficiently precise as to the travelers affected by the rule, and also leav-

ing out of consideration the question as to the propriety of instructing the jury upon mere abstract rules or principles of law, without applying them to the facts of the case, the instruction did not purport to state a rule for travelers crossing each other's course, and the rule applicable to travelers meeting was improperly limited.

The evidence affecting the question of negligence on the part of each party was conflicting, and the case presented by the evidence was peculiarly within the province of the jury. The judgment is affirmed.