## INDIANAPOLIS STREET RAILWAY COMPANY v. HOFFMAN.

[No. 6,120.   Filed November 19, 1907.]

1. TRIAL.—*Interrogatories.*—*Street Railroads.*—*Excessive Speed.*— In an action for damages caused by defendant street railroad company's negligence in running its cars at an excessive speed, answers to interrogatories, which fail to show the rate of speed, cannot control a general verdict for plaintiff, the presumption being, in the absence of such showing, that such car was run as alleged in the complaint. p. 509.

2. SAME.—*Interrogatories.*—*Contributory Negligence.*—*Street Railroads.*—Answers to interrogatories showing that plaintiff went upon the defendant street railroad company's track where ordinary care suggested no danger, and that while crossing he was struck by a car run at an excessive speed, and that, except for such speed, of which plaintiff was ignorant, he could have crossed safely, do not establish contributory negligence. p. 509.

3. STREET RAILROADS.—*Excessive Speed.*—*Travelers.*—*Contributory Negligence.*—*Presumptions.*—Travelers have the right to assume that street-cars will be operated at an ordinary and lawful speed; and they are not guilty of contributory negligence in acting upon such assumption, unless they have knowledge to the contrary. p. 510.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by Wolf Hoffman against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Latta,* for appellant.
*William A. Johnson* and *Wymond J. Beckett,* for appellee.

ROBY, J.—Judgment against appellant for $1,500 on account of personal injuries. The jury with a general verdict returned answers to thirty interrogatories. Appellant's motion for judgment thereon was overruled, and error in such ruling is relied upon for reversal.

It is charged in the complaint that the plaintiff was in the exercise of due care, driving along New Jersey street, in the city of Indianapolis, and in crossing the defendant's double-track street railway on Massachusetts avenue, he was struck and injured by a street-car which the defendant negligently ran at a high and dangerous rate of speed. The answers to interrogatories contain nothing bearing upon the rate of speed at which appellant's street-car was operated. Its negligence stands admitted, so far as this motion is concerned, and the general verdict authorizes the presumption that the car was running at the highest possible rate of speed within the averment. Appellant's position is that appellee, in the exercise of ordinary care, could have avoided the accident, notwithstanding the negligent speed which appellant maintained.

The answers show that appellee, when he was hurt, was driving across a double-track street railway from the north. He was a mature man, in full control of his horse. Ordinarily it was not dangerous to cross the tracks in the manner attempted, and it was not dangerous to enter upon the south track as he did. He did not see the car, nor know of its proximity and speed before he was near enough to the south track to be in danger. Upon seeing the car he urged his horse forward, to get across. He was hindered and delayed. The wheels of his

wagon caught on the track. His view of the track was not obstructed when his horse approached the north track, and when it was between the two tracks, he could, "by using ordinary care, have seen and avoided the car that struck him." It is also found that he would not have known by the use of "ordinary care," before his horse entered upon and while it was on the north track, and just before it entered upon the south track, that it was dangerous to cross said south track. He was prevented from knowing that it was dangerous to cross because of the high rate of speed of the car, and he tried to get his horse off the track in some way besides driving across. When it first appeared that he was going to enter upon the south track the car was so close that the motorman could not stop it, on account of the high rate of speed, in time to avoid a collision. The motion was correctly disposed of. There is no finding that appellee knew the speed of the approaching car, nor are facts found from which the conclusion irresistibly arises that he should have known it. The traveler upon a public highway has a right to assume, within reasonable limits, that other persons using it will exercise reasonable care in so doing. Appellee cannot be considered as contributorily negligent for failing to anticipate the negligence of the defendant. *Indianapolis St. R. Co.* v. *Bolin* (1907), 39 Ind. App. 169; *Union Traction Co.* v. *Vandercook* (1904), 32 Ind. App. 621. If appellee had been struck by a car run in a careful and proper manner, his failure to see and avoid it would deprive him of any right of action. Having been struck by a car run at a rapid and reckless rate, his failure to avoid it must be coupled with knowledge, actual or constructive, not only that a car was approaching along the track, but that it was running at a rate of speed which made it hazardous to cross, before the courts can say, as a matter of law, against a verdict, that he did not exercise reasonable care under the circumstances. Any other holding would put a premium on negligence by such companies, making that

which is a basis of liability a sure avenue of escape from liability.

Judgment affirmed.