DIAMOND v. COWLES et al.

(Circuit Court of Appeals, Third Circuit. November 24, 1909.)

No. 32.

1. MUNICIPAL CORPORATIONS (§ 705*)—STREETS—INJURY TO PEDESTRIANS—AUTOMOBILE ACCIDENT—NEGLIGENCE.

Where defendant, driving an automobile on a city street, struck plaintiff while approaching him from the rear as plaintiff was crossing diagonally, and there was evidence that the accident could have been avoided by defendant's slackening speed or swerving to the right, it appearing that plaintiff was in full view of the car and that he continued straight on until he was struck, defendant was chargeable with negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—STREETS—INJURY TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

A pedestrian crossing a public street diagonally, being entitled to assume that the driver of an automobile approaching him from the rear would run the same at a controllable speed and would avoid running him down while he was on his original course, plaintiff was not negligent as a matter of law in failing to take steps to avoid the injury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

3. MUNICIPAL CORPORATIONS (§ 705*)—STREETS—INJURY TO PEDESTRIANS—AUTOMOBILE ACCIDENT—INSTRUCTION.

An instruction that the driver of an automobile approaching a pedestrian crossing the street, in case such pedestrian does not increase his speed after blowing the horn or any other signal, must slacken the speed of the automobile and take no risks of the pedestrian increasing his speed, was correct.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

4. MUNICIPAL CORPORATIONS (§ 706*)—STREETS—AUTOMOBILE ACCIDENT—ISSUES AND PROOF.

Where plaintiff was struck and injured in an automobile accident as he was crossing a street, allegations that, notwithstanding defendant's duty in the premises, he negligently drove the car at such unlawful speed, without keeping a proper lookout, and without giving proper signals of his approach, as to cause the car to strike and run over plaintiff, would not be construed as pleading excessive speed as the sole act of negligence, treating the words "without keeping a proper lookout, and without giving proper signals," as mere qualifying incidents of the driving at an unlawful speed, but would be construed as alleging three acts of negligence; viz., unlawful speed, failure to keep a lookout, and failure to give proper signals.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by Ely Cowles, by his next friend and father, Charles A. Cowles, and by Charles A. Cowles individually, against Patrick Diamond. Judgment for plaintiffs, and defendant brings error. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alexander Simpson, Jr., and W. W. Snithers, for plaintiff in error.

Thomas Leaming, for defendants in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. The facts disclosed by the record brought up by this writ of error are as follows:

Bryn Mawr avenue, 60 feet broad, 42 feet from curb to curb, runs approximately north and south in Montgomery county, on the outskirts of Philadelphia. It is crossed at right angles by Union avenue, 40 feet wide, running east and west. On the afternoon of the accident, Ely Cowles (hereinafter called the plaintiff), a mute boy of about 18 years of age, an inmate of a nearby Home for the Feeble-Minded, left the southwest corner of these two avenues, and was crossing Bryn Mawr avenue diagonally in a southeasterly direction, toward a person who was waiting for him on the east side of said avenue, at a point 97 feet south of said Union avenue. Consequently, his back was almost squarely presented to any vehicle approaching from the north on Bryn Mawr avenue. Such a vehicle would be visible to him only upon turning around, or at least looking backward over his left shoulder. Patrick Diamond, the plaintiff in error and defendant below (hereinafter called the defendant), was driving an automobile, containing his wife and another lady, both sitting back of him, upon the west side of Bryn Mawr avenue, the side from which the boy attempted to cross, thus approaching him from behind. Defendant's machine was therefore on the right-hand side of the road and was running about 15 feet from the curb. Plaintiff, while thus crossing Bryn Mawr avenue diagonally, "at a good gait," was reading a note, which he held in both hands. The boy, though somewhat feeble-minded, was in appearance normal and robust. The testimony shows that the defendant was driving his machine at not an excessive rate of speed. There is testimony that, as the motor car approached the north side of Union avenue, the ladies in the car were laughing loud enough to attract attention of persons on the avenue, and to cause the defendant to turn his head around. This is denied by the defendant and by the occupants of the car.

There is also testimony that, as the car was on the north crossing of Union avenue, at about the time the plaintiff started to cross Bryn Mawr avenue, there was a scream as of alarm from the ladies in the motor car. The plaintiff kept straight on his diagonal course across Bryn Mawr avenue, and the car continued straight in the direction in which it was going, without slackening speed or swerving from its course until it struck the plaintiff. The evidence is conflicting as to whether the plaintiff was still continuing on his course at the moment of contact with the motor car, or whether, looking around and seeing the car, he stepped back on its course. There is also evidence tending to show that the accident could have been avoided by slackening the speed of the motor car after it had passed the north side of Union avenue and when the boy had commenced to cross Bryn Mawr avenue; also, that there was room for the car to have swerved to the right and thus have avoided the accident. There was also evidence

tending to show that the defendant was an inexperienced driver of a motor car; in fact, was just learning to manage one, although this fact, if there was no evidence tending to prove negligence, would be unimportant.

The assignments of error relied upon are the refusal of the court, on all the evidence, to give peremptory instructions in favor of the defendant, and, after the verdict, refusing the motion of defendant for judgment non obstante veredicto.

We do not think, however, that these assignments of error can be sustained. There was abundant testimony tending to show that, as the defendant was about to cross Union avenue, the plaintiff was in full view from the car, as he was in the act of crossing diagonally Bryn Mawr avenue, and that defendant saw, or should have seen, the plaintiff in this situation. We think also there was evidence from which the jury could infer that the accident could have been avoided by the defendant slackening the speed of the car or by swerving to the right, provided they believed the testimony that the plaintiff kept straight on until he was struck, and disbelieved the testimony that he had stepped back in front of the car.

Nor do we think that there was any proof of such contributory negligence on the part of the plaintiff, as would warrant the court in taking the case from the jury. The evidence as to whether plaintiff turned back into the path of the car, is conflicting. Assuming that both the defendant and plaintiff were rightfully using the public street, the one for his car and the other in crossing it, the latter had a right to expect that the former, by running his car at a controllable speed, would avoid runing him down while he was rightfully on his original course. The learned judge of the court below, in his charge to the jury, correctly said:

"The pedestrian has just as much right on the highway as the automobile, and the driver of the automobile must pay attention to pedestrians who are on the highway, and if it assumes to take the risk of a pedestrian, who is crossing the highway, getting out of its course, and the pedestrian does not increase his speed after the blowing of the horn or any other signal, but keeps on his speed, it is the duty of the automobile to slacken its speed and to take no risks as to the pedestrian increasing his speed."

But the defendant urgently contends that, under these assignments of error, the judgment below should be reversed, because of an alleged variance between the allegata and probata. The plaintiff, in his statement of claim, thus charges the negligence of the defendant:

"Notwithstanding his duty in the premises the said defendant did on the day aforesaid so negligently, carelessly and recklessly drive said motor car upon said avenue at such unlawful rate of speed, without keeping a proper outlook before him and without giving the proper signals of his approach, as to cause said automobile to strike and run over the plaintiff, Ely Cowles, who is a minor and who was then and there lawfully crossing said Bryn Mawr avenue at or about the intersection of Union avenue."

The defendant contends that the only charge of negligence is, that the defendant so negligently, carelessly and recklessly drove his motor car at such unlawful rate of speed as to cause the accident, and that the words "without keeping a proper outlook before him and without

giving the proper signals of his approach" are mere qualifying incidents of the driving at an unlawful rate of speed. In other words, that it is not an averment of three separate and distinct kinds of negligence, but of one only, viz., "the alleged unlawful rate of speed," and as it is admitted that there was no excessive rate of speed, the only negligence alleged in the statement was not proved, and the jury should have been instructed for the defendant, or judgment should have been entered in his favor on the motion for judgment non obstante veredicto.

The reasoning by which this contention is supported is ingenious, though in our opinion unsound. It is to be remarked that the argument is made for the first time in this court, and was not called to the attention of the court below, by objection, when the evidence of the plaintiff was being adduced, or otherwise. Though this charge in the statement of claim might have been framed with more precision, it is apparent that the case was tried in the court below with the understanding on all sides that the meaning intended to be conveyed by the language of the pleader was that the "defendant negligently drove his motor car at an unlawful rate of speed; that he negligently drove it without keeping a proper outlook, and negligently drove it without giving the proper signals of his approach." That is, that he was negligent in these three respects. We think the charge referred to, though awkwardly expressed, may be grammatically construed so as to express this meaning. It cannot be pretended that defendant was actually misled as to the nature of the negligence charged against him, and the theory upon which the trial was conducted abundantly proves that he was not so misled.

The judgment below is therefore affirmed.