Elgin Dairy Co. *v.* Shepherd—183 Ind. 466.

---

## ELGIN DAIRY COMPANY *v.* SHEPHERD.

[No. 22,767. Filed March 23, 1915. Rehearing denied June 25, 1915.]

1. NEGLIGENCE.—*Collision on Streets.—Contributory Negligence.—Jury Question.*—In an action for injuries to the driver of a motorcycle who was struck at a street crossing by a motor truck, answers to interrogatories showing that plaintiff was riding east toward the crossing and defendant's truck was being driven south toward same, that when plaintiff was twenty-five feet from the center of the street he was approaching, he looked north and saw the truck about fifty feet north of the crossing approaching on the right side of the street at a speed of fifteen miles per hour, and, seeing no other vehicle, plaintiff continued to cross at a speed of eight miles per hour, that the motor truck did not continue on the right side of the street but was driven to the left after plaintiff saw it, and that it struck plaintiff when at a point six inches east of the center line of the street plaintiff was crossing, do not show that plaintiff was guilty of contributory negligence as a matter of law, but disclose that the question of such negligence was one of fact for the jury, and hence it was not in conflict with a verdict for plaintiff. p. 469.

2. NEGLIGENCE.—*Collision on Streets.—Contributory Negligence.—Evidence.*—In an action for personal injuries to the rider of a motorcycle in collision with a motor truck at a street crossing, where the facts found by the jury in its answers to interrogatories, showed that the question of contributory negligence was one of fact for the jury, evidence sustaining such answers and also showing that just before the collision the truck driver

changed his course, which was south, to the wrong side of the street though he had no intention to turn into the cross street, and struck the plaintiff's motorcycle after he had passed beyond the center of the street going east, warranted the jury in determining that plaintiff's injuries were due to the negligence of the driver of the motor truck and that plaintiff was free from contributory negligence. p. 471.

3. NEGLIGENCE.—*Collision on Streets.—Failure to Observe Law of Road.*—The driver of a motor truck, who, while proceeding south in a public street, turned the course of the truck to the east side of the street in violation of a city ordinance and struck a person proceeding eastward on a cross street, after the latter had passed the center line of the street on which the motor truck was proceeding, was guilty of negligence, since due care required the driver of the motor truck to remain on the right or west side of the street in accordance with the positive provisions of the ordinance and the ordinary law of the road. p. 471.

4. APPEAL.—*Review.—Harmless Error.—Instructions.*—The giving of an instruction in a negligence case defining ordinary care as that degree of care which an ordinarily prudent person similarly situated would "or ought to have" exercised under the circumstances surrounding the transaction under investigation, was not fatal because of the quoted words, where from the undisputed facts it was apparent that appellant was not harmed. p. 472.

5. NEGLIGENCE.—*Collision on Streets.—Ordinance Regulations.— Law of the Road. — Presumptions. — Instructions.* — Where the driver of a motor truck proceeding south in a public street in compliance with a city traffic ordinance which contained the requirements of the ordinary law of the road, after being observed by the rider of a motorcycle who was proceeding eastward on a cross street, turned the course of the motor truck to the wrong side of the street so as to strike the motorcyclist after he had passed the center line of the street he was crossing, and the uncontradicted evidence disclosed no fact to justify the change of course by the driver of the motor truck, the court properly instructed the jury that if it found the ordinance alleged was in force the plaintiff, in the absence of knowledge to the contrary, had a right to presume that defendant would perform any duty imposed thereby. pp. 473, 474.

6. NEGLIGENCE.—*Use of Street.—Ordinary Care.—Presumptions.*— The exercise of ordinary care by one using a street usually requires obedience to the rule of the road, or the provisions of an ordinance regulating such use, and one lawfully upon the street has a right to presume, in the absence of knowledge to the contrary, that others using it in common with him will use ordinary care to avoid injuring him. p. 474.

7. MUNICIPAL CORPORATIONS.—*Streets.*—*Priority of Right to Use Intersections.*—In the absence of a regulation to the contrary, the general rule is that the traveler reaching a street intersection first has the right of way. p. 474.

8. APPEAL.—*Review.*—*Instructions.*—*Duty of Travelers on Street.* —*Duplicity in Instruction.*—In an action for injuries sustained by a motorcyclist in collision with a motor truck at a street intersection, an instruction stating that each party was required to exercise the reasonable care of an ordinarily prudent person, and that either party had the right to assume that the other would do the duty required of him and would have the right to act on that assumption, though incomplete was substantially correct and was not rendered incorrect by the mere fact that it was double and addressed alike to both parties. pp. 474, 476.

9. APPEAL. — *Review.*—*Harmless Error.* — *Instructions.* — Error, if any, in an instruction addressed alike to both parties, is not available as ground for reversal, where to the extent that it spoke for appellee it was correct. p. 475.

10. NEGLIGENCE.—*Collision on Streets.*—*Duty of Travelers.*—*Right to Rely on Presumption of Performance of Duty.*—Where a party using a public street sees, or by the use of ordinary care can see, that another is not in the exercise of ordinary care, he is not entitled to rely on the presumption that the latter will use ordinary care, but must himself take such reasonable care as he can under the circumstances to prevent a collision and injury. p. 476.

11. APPEAL. — *Review.* — *Harmless Error.* — *Instructions.* — An instruction in an action for injuries from a collision at a street intersection stating that each party was required to exercise ordinary care and that either had a right to act on the presumption that the other would use such care, though omitting to state the rule fully with all the qualifications thereto, was not, by reason of such omissions, ground for reversal where other instructions supplemented it in such respect, and the uncontroverted facts showed that when plaintiff saw the vehicle with which he collided, the driver thereof was not failing in his duty to use proper care, and that when he did so fail the plaintiff could not then by the exercise of ordinary care avoid the consequences. p. 476.

12. APPEAL.—*Review.*—*Refusal of Instructions.*—The refusal of instructions is not error where, in so far as they correctly stated the law, they were fully covered by instructions given. p. 477.

From Superior Court of Marion County (82,769) ; *Charles J. Orbison,* Judge.

Action by John W. Shepherd against the Elgin Dairy

Company. From a judgment for plaintiff, the defendant appeals. (Transferred from Appellate Court under subd. 2, §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellant.

*Earle E. McFerren, M. M. Bachelder* and *Earl R. Cox,* for appellee.

Cox, J.—Appellee recovered a judgment against appellant in the trial court for personal injuries sustained by him in a collision between a motorcycle on which he was riding and a motor truck then in use by appellant in its business and driven by one of its employes. The collision happened at the intersection of Twenty-fourth and Bellefontaine streets in the city of Indianapolis while appellee riding on his motor-cycle was crossing Bellefontaine street. With a general verdict for appellee, the jury returned answers to interroga-tories. Appellant moved for judgment on these answers notwithstanding the general verdict. This motion was over-ruled and this ruling presents the first error assigned and urged as cause for reversal.

In support of this assignment of error it is contended that the answers to the interrogatories establish facts from which the court must say as a matter of law that appellee

1. was guilty of contributory negligence. The material facts established by the answers upon which this claim is based are as follows: At the street intersection in ques-tion the roadway of Bellefontaine Street is twenty-nine feet wide between curbs and Twenty-fourth Street twenty-three feet wide. Appellee was riding east on the south side of Twenty-fourth Street and when about twelve feet west of the west curb of Bellefontaine Street, or twenty-five feet from the center he looked north and saw appellant's truck coming from the north on the west side of Bellefontaine Street about fifty feet north of Twenty-fourth Street. He was then entering Bellefontaine Street at the intersection and looked

south almost immediately and then continued eastward to cross Bellefontaine Street without again looking to the north. He did not look enough to ascertain the speed of the truck. He traveled across the street at a speed of eight miles an hour. Appellant's truck came down Bellefontaine Street and entered the intersection at a speed of fifteen miles an hour. It did not continue south on the west or right hand side of the street all the way before the collision but turned to the left and struck appellee's vehicle at a point fifteen feet east of the west curb line of Bellefontaine Street, or 6 inches east of the center line of the street. It did not slow up before the collision. The jury specifically answered one interrogatory that it was not a close question whether appellee would cross in safety after seeing the truck if it kept on at the same speed. These facts, it is claimed by counsel for appellant, show that appellee took a desperate chance in attempting to cross the street in the face of the oncoming truck and that he should have continued to observe its progress toward their lines of crossing and that therefore he was injured by his own want of due care. One of the charges of negligence against appellant on which appellee's complaint was founded was the violation of a city ordinance which required such vehicles as those involved in this case and others (except street cars), to keep to the right side of streets and made it unlawful to drive along the middle or left side thereof. Now it is clear, from facts stated above, that this collision would not have taken place if appellant's employe in charge of the truck had continued in compliance with this ordinance. Appellee, when he saw the approaching truck, had only twenty-five feet to go to clear the center line of Bellefontaine Street. He was on a line south of the center line of Twenty-fourth Street. At that time the truck was, in obedience to the ordinance, on the west or right side, for it, of Bellefontaine Street, fifty feet north of Twenty-fourth Street, more than sixty feet north of the center line of the latter street and still further from a point in the street inter-

section towards which the truck was traveling and which appellee would have to cross in pursuing his way eastward. The truck was going at less than twice the speed of appellee's vehicle and it had considerably more than twice the distance to travel to pass this point than appellee had. It is manifest, therefore, that had the two vehicles continued as they were going appellee would widely have cleared the crossing point of the lines on which they were going before the truck reached it. That he did not was due alone to the action of the truck driver in changing his course. Certainly, until the contrary appeared, appellee was entitled to assume that appellant's employe would continue in obedience to traffic rules and was not required to be alert and watch for violation of them. He had looked north first, the direction from which he would naturally first encounter danger of collision and then south the direction from which he might later meet vehicles coming to the intersection. Under the facts found it was, to say the least, for the jury to determine whether he was guilty of contributory negligence and this it did favorably to the appellee by the general verdict for him. The answers rather support than conflict with the general verdict.

The action of the court in overruling appellant's motion for a new trial is assigned as error. A cause relied on for a new trial was the insufficiency of the evidence in fact and law to support the general verdict. Error in this particular is urged on the same claim of appellee's contributory negligence as that just considered in the ruling on the motion for judgment on the answers. The evidence, without material conflict, establishes the facts substantially as found by the answers as above stated. And to these may be added the facts, also shown in substance without dispute by the evidence, that just before the collision the truck driver changed the straight southward course of the truck to the southeast and struck the rear wheel of appellee's motorcycle with the left front wheel of the truck at a point in the street intersection a

little south of the center line of Twenty-fourth Street and east of the center line of Bellefontaine Street. The evidence gives no indication of an intention on the part of the truck driver to turn and go east on Twenty-fourth Street but to the contrary that his destination led him south on Bellefontaine Street beyond Twenty-fourth Street. He testified that he turned from about two feet east of the west curb of Bellefontaine Street on which line he had been driving the truck to avoid a delivery wagon coming from the south on the east side of the center of Bellefontaine Street which was still south of Twenty-fourth Street, a most unusual and obviously negligent performance, as due care,— the positive provisions of the ordinance and the ordinary law of the road would have required him to remain in the line he was going. Upon these facts it is manifest that the jury was well within its province in determining that appellee's injuries were due to the negligence of appellant's employe in charge of its truck and that appellee was not guilty of negligence which contributed thereto.

The giving of certain instructions was made several causes for a new trial. By instruction No. 5, which went to the question of appellant's negligence, and which 4. is the first one complained of as erroneous, the jury was told that "reasonable care or ordinary care, is that degree of care which an ordinarily prudent person similarly situated, would or *ought to have* exercised under the circumstances surrounding the transaction under investigation." It is urged that the words in the instruction, which we have italicized, enabled the jury to set up a higher degree of care for the appellant than the law warrants and therefore rendered the instruction erroneous and presumptively harmful. Without the words in question the instruction correctly states the test by which ordinary care is to be measured and the use of these words opens the instruction to criticism. It is, however, a minor inaccuracy of statement

which it is quite manifest from the undisputed facts worked
no harm to the appellant.

In instruction No. 12 the jury was told in substance that
if it found from the evidence the existence, in force, of the
ordinance counted upon by the complaint, then in the
absence of knowledge to the contrary appellee had a
right to presume that appellant would perform any
duty imposed by such ordinance at the street intersection.
Counsel for appellant treats the instruction as conveying
to the jury that the appellee was entitled to presume that
appellant's driver would continue southward on the west or
right hand side of the street and doubtless, in view of the
facts involved, it is the correct intent of the instruction.  It
is argued by counsel that if the driver had desired to turn
and travel east on Twenty-fourth Street or if there had been
a vehicle ahead which required it, he could rightfully have
turned to the left side of the street.  It is enough to say
that neither of these hypotheses existed.  The court was in-
structing the jury as to the law on the facts before it and
the uncontradicted evidence showed neither an intention on
the part of the driver to turn east on Twenty-fourth Street
nor the presence of any vehicle ahead of him which would
have required him to turn to the left of the line he was trav-
eling along.  Appellee, before entering upon the intersection
saw the truck coming southward on the right side of the
street and there being nothing present in the situation to
suggest a change in its course he was not bound to anticipate
it but was entitled to act on the assumption that the truck
driver would continue in obedience to the ordinance in this
particular.  The ordinance in this particular is substan-
tially but a declaration of the ordinary rule of the road to
keep to the right which has been held to apply at street in-
tersections as well as at other points.  *Cook Brew. Co.* v.
*Ball* (1899), 22 Ind. App. 656, 665, 52 N. E. 1002.  Keep-
ing the rule of the road or the command of the ordinance are

alike usually required of the user of the highway in discharging the duty of using ordinary care not to injure others lawfully using such highway. This being so no error was committed in giving the instruction in question for the rule is that one lawfully using a public street has, in the absence of knowledge to the contrary, the right to presume that others using it in common with him will use ordinary care to avoid injuring him. *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369; *Indianapolis St. R. Co.* v. *Hoffman* (1907), 40 Ind. App. 508, 82 N. E. 543; *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169, 178, 78 N. E. 210. In the absence of a regulation to the contrary, the general rule is that the one reaching a street intersection first has the right of way. Appellee, it is clear from the uncontradicted facts, reached the street crossing first and in determining whether he could safely avail himself of his right to cross over the intersection of the streets he was not bound to anticipate a sudden violation of the ordinance or the rule of the road by appellant's employe, which would invoke a danger to appellee which was not then apparent.

Instruction No. 16 given by the court is assailed. In this instruction the jury was told that "each of the parties hereto was required to exercise the reasonable care of an ordinarily prudent person, and either party had the right to assume that the other would do the duty required of him, and he would have had the right to act on that assumption". The first clause of this instruction is not criticised and is not open to criticism. The rest of it is assailed on much the same ground as the one just above considered and on the additional grounds that it omits the element of the effect of knowledge on the part of one party that the other is not exercising due care and omits any other want of care on part of appellee. The instruction as it stands is substantially in the language in which the law applicable to the use of streets and other highways has very generally

been declared and frequently stated in instructions. 2 R. C. L. 1185, §20; 28 Cyc. 27; Davids, Motor Vehicles §95; Berry, Law of Automobiles §131; Huddy, Automobiles (3d ed.) §99; *Daniels* v. *Clegg* (1873), 28 Mich. 32; *Reilly* v. *Brooklyn Heights R. Co.* (1901), 65 App. Div. 453, 72 N. Y. Supp. 1080; *Baker* v. *Fehr* (1881), 97 Pa. St. 70; *Thies* v. *Thomas* (1902), 77 N. Y. Supp. 276; *Buhrens* v. *Dry Dock, etc., R. Co.* (1889), 53 Hun 571, 6 N. Y. Supp. 224; *Schimpf* v. *Sliter* (1892), 64 Hun 463, 19 N. Y. Supp. 644; *Spangler* v. *Markley* (1909), 39 Pa. Sup. Ct. 351; *Diamond* v. *Cowles* (1909), 174 Fed. 571, 98 C. C. A. 417; *Harpell* v. *Curtis* (1850), 1 E. D. Smith 78; *Hennessey* v. *Taylor* (1905), 189 Mass. 583, 76 N. E. 224, 3 L. R. A. (N. S.) 345; *Rogers* v. *Phillips* (1910), 206 Mass. 308, 92 N. E. 327, 28 L. R. A. (N. S.) 944; *Francy* v. *Seattle Taxicab Co.* (1914), 80 Wash. 396, 141 Pac. 890; *Mikelson* v. *Fischer* (1914), 81 Wash. 423, 142 Pac. 1160; *Williamson* v. *Old Colony St. R. Co.* (1906), 191 Mass. 144, 77 N. E. 655, 5 L. R. A. (N. S.) 1081, note; *Gilbert* v. *Burque* (1904), 72 N. H. 521, 57 Atl. 927; *Minneapolis St. R. Co.* v. *Odegard* (1910), 182 Fed. 56, 104 C. C. A. 496; *Robinson* v. *Western Pac. R. Co.* (1874), 48 Cal. 409, 421; *Arseneau* v. *Sweet* (1908), 106 Minn. 257, 259, 119 N. W. 46; *Brewster* v. *Barker* (1909), 129 App. Div. 724, 113 N. Y. Supp. 1026; *Benoit* v. *Miller* (1907), 67 Atl. 87; *Kathmeyer* v. *Mehl* (1905), 60 Atl. 40; *Hodges* v. *Chambers* (1913), 171 Mo. App. 562, 570, 154 S. W. 429; *Schaffer* v. *Baker Transfer Co.* (1898), 29 App. Div. 459, 51 N. Y. Supp. 1092; *Stringer* v. *Frost* (1889), 116 Ind. 477, 480, 19 N. E. 331, 9 Am. St. 875, 2 L. R. A. 614; *Rump* v. *Woods, supra; Indianapolis St. R. Co.* v. *Hoffman, supra; Indianapolis St. R. Co.* v. *Bolin, supra.* The mere fact that the instruction is double and is addressed alike to both parties argues nothing against its correctness. And if it did, it would not avail appellant for it could not of course

9. complain of the instruction to the extent that it spoke for the appellant. To the extent that it was for ap-

pellee, it is sustained by the overwhelming weight of authority. It is true, however, that the rule so announced is modified in cases where the facts show that a party using a public street sees, or by the use of ordinary care should have seen, that another is not in the exercise of ordinary care. In such a case that party can no longer rely on the presumption, but he must take such reasonable care as he can under the circumstances to prevent a collision and injury. 2 Elliott, Roads and Sts. (3d ed.) §1082; 2 R. C. L. 1185, §20.

The instruction does not absolve either party from the exercise of due care generally, but does expressly hold them to it. As said in *Harpell* v. *Curtis, supra,* "in the use of a public highway, a party has the right to expect from others ordinary prudence, at least, and to rely upon that in determining his own manner of using the road; not to justify his own foolhardiness, but to warrant him to pursue his own business in a convenient manner where he has no reason to suppose the convenience or safety of others will be prejudiced thereby." But if it be conceded that the instruction falls short of stating the rule fully, with the qualifications of it under different conditions, still it does not result that the omission will compel a reversal of the case. Two reasons intervene to prevent. The first of these is that the instruction was not incorrect but was merely incomplete and it was supplemented, in all of the particulars of which complaint is made, by other instructions, part of them given on request of appellant, which were as favorable to appellant as the law authorizes. Among these were instructions Nos. 19 to 22. The second reason is that the uncontroverted facts make it appear that when appellee saw appellant's truck approaching the crossing the driver was not then failing in the duty of using reasonable care in that respect which produced the collision, and that when the driver did so fail appellee could not then, by using reasonable care, have avoided the consequences. The jury

finds and the facts justify the finding that appellee did not take a culpably close chance in attempting to cross ahead of the truck and this we think must with the other facts absolve him from the charge of a failure to exercise reasonable care.

Complaint is also made of the refusal of the court to give instructions Nos. 8 and 9 requested by it. In so far as they stated the law correctly they were in material substance covered by others given. It is very clear that in the cause for a new trial which is based on the misconduct of counsel in argument to the jury appellant has no cause for reversal. *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 97 N. E. 429; *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362. Judgment affirmed.

Lairy, J., dissenting. Morris, J., not participating.

## DISSENTING OPINION.

LAIRY, J.—I fully concur in the opinion of the majority of the court as to all questions decided except that part which holds that instruction No. 16 is a correct statement of the law applicable to the evidence in this case. If the opinion recognized the error in the instruction and held that the error was shown to have been harmless by the answers to the interrogatories, I would not be inclined to dissent, but I can not give my approval to the instruction in question. I do not think that it is a correct statement of a legal proposition, especially when applied to a state of facts such as is shown by the evidence in this case.

Answers to interrogatories may be such as to show that an erroneous instruction did not prejudice the losing party in the particular case under consideration, but such answers can not aid the court in determining whether an instruction is correct or incorrect from a legal standpoint. For the purpose of determining whether a certain instruction is applicable to the evidence, the court should look to the facts as disclosed by the evidence.

In this case the evidence shows without dispute that the

motorcycle on which appellee was riding was going east on the south side of Twenty-fourth Street approaching Bellefontaine Street, while the truck driven by the employe of defendant was going south on the west side of Bellefontaine Street approaching the intersection of Twenty-fourth Street, and that a collision occurred between the two vehicles at a point just east of the center line of Bellefontaine Street and just south of the center line of Twenty-fourth Street. It thus appears, that before the collision, the two vehicles were approaching the point where the lines upon which they were traveling would intersect at right angles. If the rates of speed at which the respective vehicles were moving, when considered in connection with the distance that each had to travel to reach the point of intersection, were such as to bring them both to that point at, or so near the same time that neither would have a chance to clear the path of the other, there would certainly be a collision if both continued in the same direction and at the same speed, and if neither took any affirmative precaution to prevent it. There is some conflict in the evidence in this case as to the comparative distance of the two vehicles from the point of intersection as they approached and also as to the rate of speed at which they were moving. One witness states that the truck was sixty feet from the corner when the motorcycle was thirty feet from the corner, and that the truck was moving at the rate of fifteen to twenty miles an hour while the motorcycle was moving at the rate of eight miles an hour; another that the truck was moving at the rate of fifteen to eighteen miles an hour and the motorcycle at the rate of seven to eight miles an hour. Appellee as a witness stated that he saw the truck sixty or seventy feet north of him and that he had about twenty feet to go, but he states that he did not know how fast the truck was running. Under this state of the evidence, it was certainly for the jury to determine as a question of fact whether a person of ordinary prudence, situated as appellee was and in view of the other conditions as dis-

closed by the evidence, would have foreseen or anticipated the danger of a collision. If there was danger of a collision and a person of ordinary prudence would have foreseen such danger under the existing circumstances, then ordinary care would require him to use reasonable precautions to prevent it. He should not assume that the driver of the other vehicle would take the precautions necessary to avoid a collision and act upon that assumption, but he should take reasonable precautions himself.

The care which is required of a person who receives an injury, to absolve himself from the charge of contributory negligence is such as a person of ordinary prudence would have used under existing circumstances to shield himself from danger. The danger against which such a person must use care to protect himself includes the danger which may result from the negligent conduct of the party causing the injury. If he can assume in all cases that others will not be negligent he need not in any case use care to protect himself from the results of negligence on the part of others. The rule governing negligence is that a person must use reasonable prudence to foresee any danger likely to result, and he must use reasonable care under existing circumstances to guard against injury resulting from such danger. If he fails to use ordinary prudence to foresee danger, or if he neglects to use ordinary care to guard against injury from a danger which might have been reasonably anticipated, he is guilty of negligence, and this rule applies to contributory negligence as well as original negligence. The question then arises, Is a person required in the exercise of ordinary care to anticipate a danger resulting from the negligence of another? That must depend upon the circumstances. He is not required to exercise precautions to guard against such a danger when it could not be foreseen by the exercise of ordinary prudence, but if the danger arising from the negligence of another is known or if by the exercise of reasonable care, it might have been foreseen from conditions which were open

and obvious, the rule is otherwise. There are cases at least where it would be a question of fact for the jury to say whether ordinary care would require a person to foresee and guard against such a danger. In such cases it is error to charge, as a matter of law, that a plaintiff has a right to assume that a defendant will exercise due care and that the plaintiff is not required to anticipate or to guard against any danger which may result from a want of due care on the part of the defendant. In case the danger is open and apparent and is of such a character that injury is likely to result unless one or the other or both take some affirmative precaution to prevent it, and where the attending circumstances are of such a nature that the requirement to take such affirmative precaution rests as much upon one party as upon the other, can it be said as a matter of law, that either party is not required to foresee and to guard against the danger which would result from the other party failing to take the precaution necessary to prevent it? It may well be that a plaintiff is not required to anticipate that the defendant would be guilty of an affirmative act of negligence which would expose such plaintiff to a greater danger than that already apparent; but, if the danger already apparent is of such a nature as to indicate that ordinary care requires the exercise of some affirmative precaution on the part of either the defendant or the plaintiff or both, in order to avoid the injury, the plaintiff can not assume that the defendant will take such affirmative precaution to prevent injury to him. Ordinary care on his part requires him to take similar precautions and he has no more right to assume that the other party will take them than such other party has to assume that he will do so.

The evidence in this case shows that immediately before the collision the two vehicles were approaching a common point, and the distance which each had to move to reach that point, and the rate at which each was moving as shown by the evidence was such as to justify the jury in finding

that there was imminent danger of a collision unless it was avoided by some precaution on the part of the driver of one or the other of such vehicles or of both. It was for the jury and not for the court to say whether such danger was imminent or apparent; and, if it was, it was error for the court to tell the jury in substance that each party had a right to assume that the other would exercise the precaution necessary to avoid the collision and that each had a right to act on such presumption. If two persons meeting under such circumstances, should both act on the law as thus stated, a collision would most likely occur. Ordinary care on the part of each of the drivers would require him, to slacken speed, change course, stop or to do whatever else a person of ordinary prudence would have done under the circumstances to avoid the collision. In this case it might well be that if the person in charge of the truck had made a reasonable use of these precautions, appellee might have crossed Bellefontaine Street in safety without resorting to any of them, and on the other hand if the driver of the truck had a right to assume that appellee would use reasonable care to prevent a collision by the timely use of the means at hand, it might not have been necessary for him to exercise such precautions, but if each had a right to assume that the other would observe the care and exercise the precautions necessary to prevent a collision, and if each acted upon such presumption, no precautions would be taken by either to prevent the collision. If a duty rests equally upon the two parties and each has a right to assume that it will be performed by the other, it is not likely that it will be performed by either. If the drivers of two vehicles meeting under the circumstances shown by the evidence of this case were to follow the law as indicated in instruction No. 16 and a collision resulted, either both would be guilty of negligence or neither would be guilty.

In actions by a servant against his master it is the law

that a servant has a right to assume that the master has used ordinary care to provide a safe place for the servant to work and to furnish safe tools and appliances, but, even in such cases, it is held that the servant can not recover in a case where the danger occasioned by the master's negligence is known to the servant or is so open and obvious that he should have known it by the exercise of due care.

Many cases are cited in the majority opinion in which the general statement is made that one person has a right to act upon the assumption that another will obey the law and exercise due care. Such expressions have been frequently made use of in judicial opinions by way of argument and in cases where the question involved here was not under consideration. These statements are generally correct when considered in the light of the facts involved in the particular cases in which they occur, but it does not follow that the principle is one of universal application, or that it can apply to a state of facts such as we have in this case. In one or two of the cases cited, the question arose upon instructions, but the question directly presented in this case does not seem to have been considered or discussed in any of the cases cited.

The fact that appellee had passed beyond the center line of the street before the collision occurred, as shown by the answers to interrogatories, might have the effect of rendering the instruction harmless in this case, but that could not cure the error in the instruction. If the driver of the truck could have avoided the collision by slowing its speed or by stopping it, and if appellee had a right to assume that he would use due care in these particulars, and if appellee had a right to act upon such assumption without being chargeable with negligence, the instruction would have applied even though the collision had occurred between the west curb and the center of Bellefontaine Street.

In view of the congested condition of many streets and highways and in view of the modern means of transportation employed, I am of the opinion that a person using streets

and highways should be alert and that he should use such care for his own safety and the safety of others as a person of ordinary prudence would exercise under like circumstances, and that he can not rely solely on the care that others may exercise for his safety. It is with regret that I am compelled to express my dissent, but the principle embodied in the instruction, when applied to such a case as this, seems to be so subversive of justice that I can not permit its adoption by this court without a protest.

Morris, J., on consideration of petition for rehearing, concurs in the above dissenting opinion.

NOTE.—Reported in 108 N. E. 234; 109 N. E. 353. As to the law of the road, see 73 Am. Dec. 404; 13 Am. Rep. 135; 1 Ann. Cas. 164; 41 L. R. A. (N. S.) 322, 346. As to the question of negligence of operator of automobile under particular state of facts, see 1 L. R. A. (N. S.) 228. See, also, under (1) 28 Cyc. 49; 38 Cyc. 1927; (2) 28 Cyc. 1913 Anno. 47-new; 37 Cyc. 282; (3) 28 Cyc. 37; 37 Cyc. 272; (4) 29 Cyc. 650; (5, 6, 10) 28 Cyc. 27; 37 Cyc. 274; (8) 28 Cyc. 49; 37 Cyc. 283; (9) 38 Cyc. 1809; (11) 38 Cyc. 1782; (12) 38 Cyc. 1711.